# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

MELISSA LIKELY,

        Plaintiff,

v.                                    Case No. 3:06cv210/MCR/MD

TRICON GLOBAL RESTAURANTS, INC.
d/b/a YUM! BRANDS, INC.;
TACO BELL CORPORATION;
BAYOU BELLS, LLC; and
BETH A. LINDSEY,

        Defendants.

_____/

## O R D E R

Plaintiff Melissa Likely ("Likely) initiated this action in state court against defendants Tricon Global Restaurants, Inc.; Taco Bell Corporation; Bayou Bells, LLC; and Beth A. Lindsey (together, "defendants").  A notice of removal to this court based upon federal question jurisdiction has been filed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1).  Presently pending is Likely's amended motion to remand to the Circuit Court in and for Escambia County, Florida (doc. 24), to which defendants filed a responsive memorandum (doc. 29).  Also pending is Likely's motion for leave to amend her complaint.  (Doc. 28). For the reasons given below, the court GRANTS Likely's motion for leave to amend and it also GRANTS Likely's motion to remand, but for reasons other than those asserted by Likely.

**Background**

Likely's complaint alleges that she is a mentally retarded African American female who, at the time her claims arose, was employed at a Taco Bell restaurant in Pensacola, Florida, as part of a job training program for the developmentally disabled.  The respective defendants are the parent company of, franchisee, owner and operator, or manager of the restaurant at which Likely worked.  Likely alleges that while employed at the restaurant her co-workers repeatedly harassed and discriminated against her due to her mental retardation by playing pranks on her and taunting her and that her supervisors failed to address or curb the co-workers' conduct.  According to Likely, the co-workers' abusive treatment culminated in an incident which occurred in June 2004, when they lured her into a walk-in refrigerator by telling her that her "boyfriend" was waiting for her inside, held the door closed so that she could not escape, and turned off the lights.  Likely alleges that she was traumatized by the incident and required psychiatric care for the severe emotional distress she suffered.  In addition, Likely alleges that she was constructively discharged from her job as a result of the restaurant's hostile work environment. In Counts I through V of the complaint Likely asserts state-law claims of negligence, false imprisonment, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress.  In Count VI she asserts that defendants' acts and/or omissions constitute discrimination against her, in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.  As relief for the injuries and statutory violations alleged in her complaint Likely seeks monetary damages, as well as costs and attorneys' fees.

The notice of removal states that it was filed by "[d]efendants, Tricon Global Restaurants Inc. d/b/a Yum! Brands Inc., et al. ("Tricon") by their attorneys Allen, Norton & Blue, pursuant to 28 U.S.C. § § 1331, 1441, and 1446 . . . ." (Doc. 1 at 1).  Inter alia, the notice also states that the court has original jurisdiction "over this civil action by virtue of the existence of a federal question under 42 U.S.C. § 12112," making the action removal

pursuant to the provisions of 28 U.S.C. § 1441.  The only attachment to the notice is a copy of Likely's complaint.

In her motion to remand Likely argues that the notice of removal is irremediably procedurally defective in two respects: (1) it does not include copies of the summonses served upon the defendants; and (2) all four of the defendants did not consent to removal. Likely also apparently contends that remand is appropriate in this case pursuant to 28 U.S.C. § 1441(c).  Finally, Likely asserts that if the court permits her to amend her complaint to eliminate the federal claim brought pursuant to the ADA it will no longer have subject matter jurisdiction to hear her claims and thus the court should remand the case to state court.

In their response in opposition to the motion to remand defendants assert that Likely cannot defeat removal simply by amending her complaint to delete the ADA claim, her sole federal claim, because jurisdiction is properly determined at the time of removal. Defendants also maintain that even if Likely were to proceed under the FCRA alone and not the ADA, "it appears that an interpretation of Title VII [ of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq.] and [42 U.S.C.] § 1981 and Defendant's alleged conduct pursuant to these federal statutes [is] an issue in this litigation."  (Doc. 29 at 5). Therefore, defendants submit, because the resolution of Likely's discrimination claim requires reference to federal law, removal is proper.

**Discussion**

Motion to Remand

Unless otherwise provided by Congress, a defendant may remove a civil action to federal court which has been brought in state court if the federal forum has original jurisdiction over the action. See 28 U.S.C. § 1441(a)(b).  Original jurisdiction may be based on a federal question or on diversity of citizenship. Id.; §§ 1331, 1332.  In the instant case, because diversity jurisdiction is lacking, the presence of a federal question must be shown

in order to establish the court's removal jurisdiction.[1]

A federal question is a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case "arises under" federal  law if the plaintiff pleads a cause of action created by federal law or if a substantial disputed area of federal law is a necessary element of a state law claim.  See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9- 10, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The defendant bears the burden of showing that the complaint presents a federal question. Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1289 (11th Cir. 2004).  Removal jurisdiction is construed narrowly, and any doubts about jurisdiction are resolved in favor of the nonremoving party. Diaz v. Sheppard, 85 F.3d  1502, 1505 (11th Cir. 1996). Generally, whether the defendant has satisfied his burden of pleading a federal cause of action will be determined by application of the "well-pleaded complaint rule," which provides that such jurisdiction exists only "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

As an initial matter, there is no merit in Likely's argument that remand is appropriate if she is permitted to amend her complaint to delete the ADA claim because only state-law claims will then remain, over which the court will lack subject matter jurisdiction.  Subject matter jurisdiction existed at the time of removal, and the court's jurisdiction is not divested by subsequent events such as the deletion by amendment of Likely's federal claim. See Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).  Moreover, pursuant to 28 U.S.C. § 1367(a), the court could retain jurisdiction over the state-law claims after dismissal of the federal component, although it has the discretion to decline to do so.  See Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1568 (11th Cir. 1994).

---

[1] Defendants do not argue that diversity jurisdiction exists in this case, and it is apparent that it does not.  The undisputed record reflects that both Likely and defendant Lindsey are citizens of Florida. See 28 U.S.C. § 1332.

The court next considers Likely's arguments that defendants failed to comply with the procedures for removal.[2]  As Likely submits, it is well settled that in cases involving multiple defendants all of the defendants must consent to the removal of a case to federal court, i.e., the requirement is that there must be unanimity among the defendants with regard to removal.  See Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001); In re Bethesda Memorial Hospital, 123 F.3d 1407, 1410 (11th Cir. 1997) ("The failure to join all defendants in the petition is a defect in the removal procedure").  The court rejects Likely's contention, however, that the defendants' unanimous consent to removal is not manifest in the notice. The style of the notice of removal identifies Tricon Global Restaurants, Inc.; Taco Bell Corporation; Bayou Bells, LLC; and Beth A. Lindsey as the defendants.  The first paragraph of the notice specifically states that "*[d]efendants,* Tricon Global Restaurants Inc. d/b/a Yum! Brands Inc., *et al.* ("*Tricon"*) by *their* attorneys Allen, Norton & Blue  . . .  respectfully file[ ] this Petition for Removal . . . ."  (Doc. 1 at 1) (emphasis added).  While more precise phrasing would have been preferable, the court nevertheless concludes that this sentence may reasonably be read as including all four defendants, through their attorneys of record, as the filers of the notice of removal.  The court therefore finds no merit in Likely's argument that remand is appropriate for failure to comply with the rule of unanimity.

The court also rejects Likely's contention, which she supports in part by citation to Kisor v. Collins, 338 F.Supp.2d 1279, 1280-81 (N.D. Ala. 2004), and Burnett v. Birmingham Board of Education, 861 F.Supp. 1036 (N.D. Ala. 1994), that the notice of removal is irremediably defective due to defendants' failure to attach copies of the summonses.  The Kisor and Burnett decisions were authored by the same district judge, who rigidly interpreted § 1446(a) as requiring remand for lack of jurisdiction when summonses were not timely filed with the notice of removal.  Most  courts and commentators, however, have

---

[2]  Defendants have not responded to Likely's assertions that they failed to attach summonses to the notice or satisfy the unanimity rule.  Regardless, because the record is clear with respect to these issues, the court briefly addresses and disposes of them.

taken the view that "mere modal or procedural defects are not jurisdictional" and are "completely without effect upon the removal, if the case is in its nature removable." Covington v. Indemnity Ins. Co. of North America, 251 F.2d 930, 932-33 (5th Cir.1958)[3]; see also Peterson v. BMI Refractories, 124 F.3d 1386, 1394 (11th Cir. 1997) (citing Covington and holding that allegedly insufficient notice of removal to state courts did not defeat district court's jurisdiction but noting that court nevertheless might be justified in granting a timely motion to remand on that ground); Gilfert v. Liberty Mutual Insurance Co., 2006 WL 288628 (W.D.Ky. 2006); 29A Federal Procedure § 69.75 (1998); Charles Alan Wright, et al.,14C Federal Practice & Procedure § 3733 (3d ed. 1998).  Furthermore, in St. Paul & Chicago Railway Co. v. McLean, 108 U.S. 212, 2 S.Ct. 498, 27 L.Ed. 703 (1883), a removal case in which the defendant filed the state court record three days late, the Supreme Court held that such failure did not deprive the trial court of jurisdiction.  Id. at 216.  Although the Court went on to hold that the trial court did not abuse its discretion by remanding the case based on the untimely filing of the state court record, id. at 217, McLean nonetheless stands for the proposition that the decision to permit correction of the procedural defect of failing to file state court records is a matter committed to the sound discretion of the district court.  See Yellow Transportation, Inc. v. Apex Digital, Inc., 406 F.Supp.2d 1213, 1218 (D. Kan. 2005).  Here, there is no valid reason to remand this case solely because defendants failed to attach the summons to the notice of removal. This defect is relatively minor, has not unduly burdened the court, has not prejudiced Likely, and could be easily remedied. Id.

Likely also argues that, in light of § 1441(c), remand is appropriate because state-law issues predominate in this case.[4]   This section provides:

Whenever a separate and independent claim or cause of action within the

---

[3]  Decisions by the former Fifth Circuit issued before October 1, 1981 are binding precedent in this Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

[4]  Defendants also failed to respond to this argument by Likely.

jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

As Likely suggests, a number of federal courts – including some within this circuit – have remanded an entire case containing one or more separate and independent federal claims to state court when matters of state law predominate. See, e.g., Hayduk v. United Parcel Service, Inc., 930 F.Supp 584 (S.D.Fla 1996); Martin v. Drummond Coal Co., Inc., 756 F.Supp. 524, 527 (N.D. Ala.1991); Alexander by Alexander v. Goldome Credit Corp., 772 F.Supp. 1217, 1223-24 (M.D. Ala. 1991); Holland v. World Omni Leasing, Inc., 764 F.Supp. 1442 (N.D. Ala. 1991). Other federal courts, however, have disagreed with an interpretation of § 1441(c) that permits remand where state law predominates. See, e.g., Borough of West Mifflin v. Lancaster, 45 F.3d 780, 785-87 (3d Cir. 1995); Buchner v. FDIC, 981 F.2d 816, 819-20 (5th Cir. 1993); City of New Rochelle v. Town of Mamaroneck, 111 F.Supp.2d 353 (S.D. N.Y. 2000); Mincy v. Staff Leasing, L.P., 100 F.Supp.2d 1050 (D. Ariz. 2000); Kabealo v. Davis, 829 F.Supp. 923, 926 (S.D. Ohio 1993). Moreover, as acknowledged by Judge William M. Acker, Jr., who decided both Martin and Holland, "the central idea in Alexander, Martin and Holland was obliterated by the Eleventh Circuit in In re City of Mobile, 75 F.3d 605 (11th Cir. 1996)" when it rejected a similar rationale for remand of federal claims under 28 U.S.C. § 1367. Reneau v. Oakwood Mobile Homes, 952 F.Supp. 724, 727 (N.D. Ala. 1997); In re City of Mobile, 75 F.3d at 607 ("Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim.").

Notwithstanding the implication in In re City of Mobile that remand pursuant to § 1441(c) of an entire case when state-law issues predominate is not permissible, to date the Eleventh Circuit has not explicitly so held. Even if such remand were permissible under the law of this circuit, however, this court nevertheless would not find remand appropriate

on that basis in the present case.[5]  Likely maintains that her tort claims are strictly related to the June 2004 incident in which she was locked in the walk-in refrigerator and that her discrimination claim pertains to an allegedly hostile work environment which led to her constructive discharge.  The court does not agree with Likely that the federal and state claims in fact are separate and independent.  Rather, the court concludes that the claims essentially arise from the same series of events or transactions, all of which derived from the alleged pranks and taunts aimed at Likely by her co-workers.  The alleged June 2004 walk-in refrigerator incident was the culmination of that conduct – albeit in its most egregious form; it did not, however, occur in a void.  See Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 104 (5th Cir.1996) (stating that "[a] claim is not independent if it involves substantially the same facts.").

The court next addresses defendants' contention that, even if Likely brings her discrimination claim under the FCRA only, interpretation of federal law is required to resolve the claim and that therefore removal is proper. Under the well-pleaded complaint rule, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392; Hill v. BellSouth Telecommunications, Inc., 364 F.2d 1308, 1314 (11th Cir. 2004).  Nevertheless, even if only state-law causes of action have been pled, the plaintiff may not avoid federal jurisdiction if either (1) her state-law claims raise substantial questions of federal law or (2) federal law completely preempts her state-law claims. See Franchise Tax Board, 463 U.S. at 13; Dunlap, 381 F.3d at 1290.  The Supreme Court has instructed that the dispositive question is whether "a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable

---

[5]   Defendants do not rely on § 1441(c) in their notice of removal.  Indeed, the court notes that in their notice of removal and response to Likely's motion defendants refer generally to § 1441 without identifying any specific subsection pursuant to which they seek to proceed.

& Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, ___, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005).  Federal law "must be an essential element of the plaintiff's claim; the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction and defeated if it is given another." Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982).  The "mere presence" of a federal issue "does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986).

In the instant case, defendants do not assert that Likely's claim is preempted by federal law, and the court concludes there is no basis for finding that preemption has any application here.  In addition, the court is unpersuaded by defendants' inadequately developed argument that Likely's claim under the FCRA raises substantial questions of federal law.  Defendants cite no authority in support of this specific proposition, and the court has located none. In any event, the Eleventh Circuit has held that even where proof of violation of the ADA was a necessary element of a plaintiff's state-law discrimination claim, no sufficiently substantial federal question was presented. See Jairath v. Dyer, 154 F.3d 1280, 1283 (11th Cir. 1998).  Furthermore, while both the FCRA and § 1981 were modeled after Title VII and are analyzed under the same framework, see Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1060 (11th Cir. 1994) (indicating that § 1981 claims are analyzed in the same manner as Title VII claims); Gamboa v. American Airlines, 170 Fed. Appx. 610, 612 (11th Cir. 2006) (claims under Title VII and the Florida Civil Rights Act are analyzed under the same framework), it simply does not follow that Likely's claim under the FCRA necessarily raises a substantial question of federal law.  To the contrary, review of the allegations of the complaint does not support the conclusion that an actually disputed and substantial federal issue is presented as an element of Likely's claim. See Grable & Sons Metal Prods., Inc., 125 S.Ct. at 2368; Mobil Oil Corp., 671 F.2d at 422.

Motion to Amend

Likely moves for leave to amend the complaint to remove her ADA claim. (Doc. 28).

Defendants take no position with respect to this motion. (Doc. 29 at 1, n.1).

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  In this case, because defendants have answered the complaint, Likely may amend "only by leave of court or by written consent of the adverse party . . . ." Fed.R.Civ.P. 15(a). Upon application for leave of court to amend, the court shall grant leave "freely . . . when justice so requires." Id. The decision whether to grant leave to amend "is within the sound discretion of the trial court." Jameson v. Arrow Co., 75 F.3d 1528, 1535 (11th Cir. 1996). In exercising that discretion, the court may deny leave to amend if, inter alia, the plaintiff sought the amendment after undue delay, if plaintiff has demonstrated bad faith or dilatory motive, if the amendment would cause defendants undue prejudice, or if the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Jameson, 75 F.3d at 1534-35.

In this case, defendants do not assert that any of the above reasons for denying leave to amend are present, and none appears to exist. The court therefore GRANTS Likely's motion for leave to amend.

Supplemental Jurisdiction

Without the ADA claim, Likely's amended complaint asserts only state-law causes of action. Accordingly, the court has discretion to decline to exercise supplemental jurisdiction over the remaining claims and remand this case to state court. . See 28 U.S.C. § 1367(c)[6]; see also  Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1350 (11th Cir.1998) (recognizing court's discretion to remand state-law claims under § 1367(c)).  In

---

[6]  Section 1367(c) states that
[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for  declining jurisdiction.
28 U.S.C. § 1367(a)(c).

exercising that discretion, the court should weigh the factors of judicial economy, convenience, fairness, and comity. <u>See</u> <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 351 (1988); <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>Crosby v. Paulk</u>, 187 F.3d 1339, 1351 (11th Cir. 1999) (citation omitted).  In this particular case, the court should also consider whether Likely has attempted to manipulate the forum by amending her complaint to remove any reference to federal statutes. <u>Cohill</u>, 484 U.S. at 357.

This litigation is in its early stages and  there has been relatively little time and few resources expended in federal court.  In addition, there is no indication that it would be inconvenient to resolve this matter in state court. <u>Cf.</u> <u>Cohill</u>, 484 U.S. at 350 n. 7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Further, although the specter of forum manipulation is a significant concern, that factor is outweighed in this case by the interests of judicial economy and comity. <u>See</u> <u>Gibbs</u>, 383 U.S. at 726.  Therefore, in the interests of judicial economy, convenience, fairness, and comity, the court <u>sua</u> <u>sponte</u> declines to exercise supplemental jurisdiction  over Likely's state-law claims. The clerk shall be directed to remand this action to the Circuit Court in and for Escambia County, Florida. Each side shall bear its own costs and attorneys' fees.

**Conclusion**

In summary, the court concludes that this action was properly removed.  The notice of removal filed by defendants is not procedurally defective under 28 U.S.C. § 1441(a) for failure to attach the summonses or for violation of the rule of unanimity.  In addition, Title 28 U.S.C. § 1441(c), even if it permitted remand of an entire case containing separate and independent federal claims when matters of state law predominate, is not applicable in this case. Also, although Likely shall be permitted to amend her complaint to delete her ADA claim, the court's removal jurisdiction is not divested by this event.  Nevertheless, federal

jurisdiction in this case may not be premised on the ground that Likely's claim under the FCRA raises substantial questions of federal law. Finally, while the court could retain jurisdiction over Likely's state-law causes of action absent the federal claim which conferred original jurisdiction, it declines to so.  This matter shall be remanded to state court.

Accordingly, it is ORDERED:

1.      Plaintiff Melissa Likely's motion for leave to amend (doc. 28) is GRANTED.

2.      Plaintiff Melissa Likely's motion to remand (doc. 24)  is GRANTED, to the extent that the above entitled action is hereby REMANDED to the Circuit Court in and for Escambia County, Florida, pursuant to the court's discretion to remand state-law claims under 28 U.S.C. § 1367(c)).  Each side shall bear its own costs and attorneys' fees.

3.      The clerk is directed to send a certified copy of this order to the Clerk of the Circuit Court in and for Escambia County, Florida.

DONE and ORDERED this 3rd day of November, 2006.



s/ *M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE